CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RWo
DEC 13 2010
JULIA C. DUDLEY, CLERK
BY: HMcDonodd
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREG L. HAMMER,<br>Plaintiff, | Civil Action No. 7:10-cv-00500 |
| v. | MEMORANDUM OPINION |
| CENTRAL CLASSIFICATION<br>SERVICES,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Greg L. Hammer, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §1343. Plaintiff complains that the Virginia Department of Corrections' ("VDOC") Central Classification Services ("CSS") has taken a year to adjudicate his application for a Common Fare Diet ("Diet"). Presently before me is plaintiff's motion to stay the action. For the reasons herein, I deny the motion to stay and dismiss the action without prejudice to permit plaintiff the opportunity to exhaust administrative remedies.

Plaintiff states in his motion that he originally attempted to grieve the delay but the VDOC grievance system would only accept his grievance after the CSS denies, defers, or approves his application. Plaintiff states that after a year delay, the CSS recently reviewed his application but formally deferred its approval of plaintiff's application. Thus, plaintiff indicates that he wants to sue the CSS for both the time of the application's pendency and its deferral decision. However, plaintiff acknowledges that he has not yet grieved the CSS's deferral decision. Plaintiff requests a stay of the action until he exhausts his administrative remedies.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a

prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required by § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion and, "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

It is clear from the face of plaintiff's submissions that he has not yet completed the available administrative remedies procedures available to him for all of the claims he wishes to bring against the CSS. Until plaintiff properly exhausts his administrative remedies, he has not given prison officials a fair opportunity to address his complaint, one of the primary justifications for the exhaustion requirement. A plaintiff is not required to plead administrative exhaustion in the complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, defendants will move for dismissal if the complaint is served before completion of the exhaustion process, and the court must dismiss the suit. Therefore, it is in the interest of judicial economy (and in plaintiff's own best interest) for the court to summarily dismiss a civil action if it is clear from plaintiff's own submissions that he has not exhausted administrative remedies before filing this lawsuit. See Anderson, 407 F.3d at 682. Furthermore, plaintiff will be more prompt to file and appeal his

administrative remedies after a dismissal without prejudice than if the case languishes on the docket. Moreover, plaintiff will not suffer any prejudice as the court has not yet imposed a filing fee and the dismissal is without prejudice. In fact, plaintiff has already amended his complaint once, and any additional amendment would be subject to the court's approval; however, plaintiff would still have one amendment as of right in a new action. Finally, the statute of limitations is not presently implicated in this case, even with additional time to grieve the new claim. Accordingly, the court dismisses the complaint without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).[1]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 13th day of December, 2010.

Senior United States District Judge

---

[1] Plaintiff may refile his claims in a new civil action once he exhausts all administrative reviews in the proper order.